# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1344 HEA |
| | ) | |
| LINCOLN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Michael Dowell, an inmate at Lincoln County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. The motion will be granted. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates a consistently negative balance and does not clearly show that there have been any deposits into the account. As a result, the filing fee will be waived.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his medical needs. Named as defendants are the Lincoln County Sheriff's Department, Dan Torres (Sheriff of Lincoln County), Larry Doyle (Captain, Lincoln County Sheriff's Department), Loydd Swafford (Lieutenant, LCSD), Tom Duncan (Sergeant, LCSD), Jim Smith (Doctor, LCSD), and Diane Cockrell (Nurse, LCSD). Plaintiff seeks an order directing defendants to provide him with necessary medical care.

Plaintiff alleges that he suffers from high blood pressure, diabetes, and vision problems. Plaintiff claims, specifically, that there is a problem with his left eye that threatens his eyesight and causes him serious pain. Plaintiff alleges that defendants

Doyle, Swafford, Duncan, Smith, and Cockrell are directly responsible for the lack of treatment.

The complaint survives initial review under 28 U.S.C. § 1915(e)(2)(B) as to defendants Doyle, Swafford, Duncan, Smith, and Cockrell. As a result, the Court will order these defendants to respond to the complaint.

For the Lincoln County Sheriff's Department to be liable under § 1983, plaintiff must allege that a policy or custom of the Department inflicted the alleged injury. Monell v. Dep't. of Soc. Serv. of City of New York, 436 U.S. 658, 694-695 (1978). Plaintiff has not alleged that a policy or custom of the Department is responsible for his injuries. As a result, plaintiff's claims against the Department will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Doyle, Swafford, Duncan, Smith, and Cockrell.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Doyle, Swafford, Duncan, Smith, and Cockrell shall reply to plaintiff's

claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Lincoln County Sheriff's Department because, as to this defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 6th day of August, 2007.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE